UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff(s),         CASE NUMBER: 02-80631
                                          HONORABLE VICTORIA A. ROBERTS

v.

VINCENT EARL THOMPSON,

          Defendant(s).
_____/

ORDER

**I.    INTRODUCTION**

This matter is before the Court on Defendant Vincent Earl Thompson's ("Mr. Thompson") "Motion Requesting Court Appointed Attorney." (Doc. #125). Mr. Thompson asks the Court to appoint counsel to assist him with his §2255 motion because he is financially unable to retain an attorney.

Also before the Court is Mr. Thompson's "Supplement to Previously-Filed §2255 Motion Upon Court's Request Dated May 27, 2008." (Doc. #131).

For the following reasons, Mr. Thompson's requests for appointed counsel and an evidentiary hearing on his §2255 motion are **GRANTED**.

**II.    BACKGROUND**

In March 2003, a jury found Mr. Thompson guilty on four counts: (1) possession of cocaine with intent to distribute, in violation of 21 U.S.C. §841(a)(1); (2) possession of marijuana with intent to distribute, in violation of 21 U.S.C. §841(a)(1); (3) felon in possession, in violation of 18 U.S.C. §§922(g), 924(e)(1); and (4) possession of a

1

firearm in furtherance of a drug crime, in violation of 18 U.S.C. §924(c). In May 2005, the Court sentenced Mr. Thompson to 360 months each on Counts I through III to be served concurrently, and 60 months on Count IV to be served consecutively to Counts I through III.

Mr. Thompson filed a 28 U.S.C. §2255 motion on October 23, 2007. (Doc. #113). He alleged his sentence should be set aside or vacated on 11 grounds.

The Court dismissed 10 of Mr. Thompson's claims on May 27, 2008, and required additional briefing on Mr. Thompson's claim that his trial counsel, Craig Tank ("Mr. Tank"), was ineffective because he failed to convey a plea offer to him. (Doc. #130).

Mr. Thompson was directed to file a supplement that explains how he came into possession of the Rule 11 Agreement he attached to his Reply, and the Government was directed to supplement its response to Mr. Thompson's claim.

Mr. Thompson filed this supplement on June 24, 2008. The Government responded on July 8, 2008. Mr. Thompson replied on July 22, 2008.

### III. ARGUMENTS AND ANALYSIS

Mr. Thompson says after the Court allowed Mr. Tank to withdraw from his case on October 22, 2003, he asked Mr. Tank for a copy of his case file. According to Mr. Thompson, he discovered the Rule 11 Agreement in that file. Mr. Thompson says Mr. Tank visited him once in the Wayne County Jail ("WCJ") "in haste," and the visit did not pertain to a plea agreement. He also "adamantly maintains" that Mr. Tank did not convey the plea agreement to him.

Mr. Thompson attached Worksheets to his supplement that purport to be part of

2

the Rule 11 Agreement. The Worksheets set forth the Government's estimation of the Guideline range to be 188-235 months.

In response, the Government presents an e-mail from Mr. Tank that was sent to Assistant United States Attorney Jeanine Jones (who has not seen the Rule 11 Agreement and did not enter the case until sentencing) on May 29, 2008. The e-mail says, "I told Mr. Thompson about the plea offer [at the WCJ] . . . and . . . he rejected the offer."

Although he claims innocence, Mr. Thompson says he would have accepted the plea rather than the 30-year sentence imposed.

In order to obtain habeas relief based on ineffective assistance of counsel, Mr. Thompson must show: (1) Mr. Tank's performance was deficient; and (2) Mr. Tank's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"[A] defense attorney's failure to communicate a plea offer to his or her client constitutes deficient performance as a matter of law," *Guerrero v. United States*, 383 F.3d 409, 416 (6th Cir. 2004) (citation omitted), and satisfies the first prong of *Strickland*. *Id.* Mr. Thompson satisfies the second prong if he can demonstrate a "reasonable probability" that he would have accepted the plea offer if he knew about it. *Id.*

### A. Evidentiary Hearing

Under 28 U.S.C. §2255(b), a district court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law, unless the filings and record conclusively show the defendant is not entitled to relief.

Based on the evidence presented in support of Mr. Thompson's §2255 motion and the plausible explanation he provided in the supplement, Mr. Thompson presents a colorable claim of ineffective assistance of counsel. However, disputed facts still exist that cannot be resolved on the current record. An evidentiary hearing is warranted.

### B.     Appointed Counsel

Mr. Thompson is entitled to appointed counsel to assist him in the evidentiary hearing. *See* Rule 8(c) of the Rules Governing §2255 Cases in the United States District Courts (requiring the appointment of counsel when an evidentiary hearing is warranted if the moving party qualifies to have counsel appointed under 18 U.S.C. §3006A).

## IV.    CONCLUSION

The Court **GRANTS** Mr. Thompson's requests for appointed counsel and an evidentiary hearing. The Federal Defender Office is **APPOINTED** to represent Mr. Thompson at the evidentiary hearing. The evidentiary hearing will be held on **December 2, 2008 at 10:00 AM.**

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 3, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Vincent Earl Thompson by electronic means or U.S. Mail on October 3, 2008.

s/Carol A. Pinegar
Deputy Clerk