**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff(s),**        **CASE NUMBER: 02-80631
HONORABLE VICTORIA A. ROBERTS**

**v.**

**VINCENT EARL THOMPSON,**

        **Defendant(s).**
_____/

**ORDER DENYING DEFENDANT'S MOTION TO VACATE CONVICTION**

Before the Court is Defendant Vincent Earl Thompson's ("Mr. Thompson") motion to vacate his conviction for possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. §924(c) (Count IV). (Doc. #133). Mr. Thompson says: (1) there is insufficient evidence that he violated §924(c); (2) he did not "actively employ" the firearm; (3) he was improperly convicted under the "Fortress Theory" or the "Facilitation Theory," which allows a conviction for mere possession of a firearm; and (4) *Bailey v. United States*, 516 U.S. 137 (1995) prohibits a conviction for mere possession of a firearm.

18 U.S.C. §924(c)(1)(A)(i) says:

any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such . . . drug trafficking crime – be sentenced to a term of imprisonment of not less than 5 years[.]

In 1995, the United States Supreme Court held the Government must show "active employment" of a firearm to establish "use" under §924(c). *Bailey v. United*

1

*States*, 516 U.S. 137, 144 (1995). This includes brandishing, displaying, bartering, striking with, and firing or attempting to fire a firearm. *Id.* at 148.

As a result of *Bailey*, however, Congress amended §924(c) in 1998 to include language that allows a person to be convicted if he *possesses* a firearm in furtherance of a drug trafficking crime. *Watson v. United States*, 128 S.Ct. 579, 582 n.3 (2007). While the Government did not establish Mr. Thompson "actively employed" his firearm, there was sufficient evidence that he possessed a firearm in furtherance of a drug trafficking crime, to submit the §924(c) offense to the jury.

18 U.S.C. §924(c) criminalizes two separate offenses: (1) using or carrying a firearm during and in relation to a drug trafficking crime; and (2) possessing a firearm in furtherance of a drug trafficking crime. *United States v. Combs*, 369 F.3d 925, 931 (6th Cir. 2004). Evidence against Mr. Thompson was with respect to the possession prong only.

> The jury was instructed on the correct offense:
>
> Count Four of the Indictment charges that on or about the first day of July, 2002 in the [E]astern [D]istrict of Michigan, Southern Division, Vincent Thompson possessed a firearm, namely a Smith & Wesson Model 686 .357 caliber revolver in furtherance of a drug trafficking crime, namely possession with intent to distribute cocain base and/or possession with intent to distribute marijuana.
>
> Section 924(c) of Title 18 of the U.S. Code provides in pertinent part that whoever in furtherance of a drug trafficking crime possesses a firearm shall be guilty of an offense against the United States. Title 18 U.S. Code Section 924(c)(1) makes it a crime for anyone to possess a firearm in furtherance of a drug crime.
>
> For you to find the Defendant guilty of this crime, you must be convinced that the Government has proven each of the following beyond a reasonable doubt:

One, Defendant, Vincent Thompson committed the crimes of possession with intent to distribute cocaine base and/or two, possession with intent to distribute marijuana as charged in Counts One and Two of the Indictment respectively, and two, the Defendant possessed a firearm that further advanced or helped forward the drug trafficking crimes.

The term drug trafficking crime means an offense that is a felony and involves the distribution, manufacture or importation of any controlled substances. The offenses alleged in Counts One and Two of the Indictment [-] possession with intent to distribute cocaine base and possession with intent to distribute marijuana are drug trafficking crimes.

The Court does not find error in that instruction. Mr. Thompson's motion to vacate his §924(c) conviction is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 8, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Vincent Thompson by electronic means or U.S. Mail on October 8, 2008.

s/Carol A. Pinegar
Deputy Clerk