UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT EARL THOMPSON,

        Petitioner,        CASE NUMBERS: 02-80631
                                        HONORABLE VICTORIA A. ROBERTS

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER DISMISSING PETITION

**I.**     **INTRODUCTION**

On January 7, 2010, the Court sentenced Vincent Thompson to 184 months, followed by four years of supervised release after Thompson pleaded guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug crime in violation of 18 U.S.C. § 924(c).

Thompson did not appeal his sentence; rather, on April 18, 2013, he filed this *pro se,* 28 U.S.C. § 2255 habeas petition requesting a downward departure from his sentence. He says at sentencing: (1) he had a diagnosed, but unevaluated illness and learning disability and (2) his criminal history was over-represented. Thompson supplemented his arguments maintaining that the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), establishes that this Court's sentence was improper.

The Government responded arguing that the Court need not decide the merits of

1

Thompson's petition because his filing is untimely, and it is.

The Sixth Circuit does hold that:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*United States v. Avery*, No. 90-5216, 1990 U.S. App. LEXIS 14279, 1990 WL 118695, at *5 (6th Cir. Aug.15, 1990)(quoting 28 U.S.C. 2255)).  However, the petition must be timely.  Under 28 U.S.C. § 2255, a petition must be brought within one year from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence of the date on which a judgment of conviction becomes final.

28 U.S.C. §2255(f)(1).

Thompson does not argue that there was any foul play, nor is his petition supported by new facts or law; thus, he had one year from the date the judgment of his conviction became final to file a petition.

Thompson's conviction became final January 23, 2010.  The Sixth Circuit holds that "an unappealed federal criminal judgment becomes final ten days after it is entered,

for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect." *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. Tenn. 2004). The Court entered its judgment of conviction on January 13, 2010. The one year clock to file a petition began to run ten days later.

Thompson had until January 23, 2011 to file his petition. His petition was not filed until April 18, 2013; roughly two years after the enumerated deadline.

While equity sometimes excuses an untimely petition, equity is not implicated here. Thompson presents no good reason for his delay. His petition says that he, now, seeks to vacate his sentence because he "now know[s] that [he does not] want to spend the rest of [his] life in prison." Deciding that prison is uncomfortable does not excuse delay.

Accordingly, Thompson's petition is **DISMISSED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 5, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record and Vincent Earl Thompson by electronic means or U.S. Mail on August 5, 2014.

S/Carol A. Pinegar
Deputy Clerk

3