UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                      Case No.: 02-80631
                                                     Hon. Victoria A. Roberts

vs

VINCENT THOMPSON

        Defendant.
_____/

**<u>ORDER DENYING THOMPSON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF. No. 189)</u>**

Vincent Thompson's ("Thompson") charges arose from the July 1, 2002 execution of a search warrant at his home, 20174 Concord, Detroit, Michigan. When law enforcement officers arrived to serve the warrant, Thompson dropped cocaine as he fled. The officers' search of the premises resulted in the discovery of more narcotics and a weapon.

Thompson challenges his federal sentences for drugs and weapons. He filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. §2255(a).

For the reasons set forth below, Thompson's petition is **DENIED**.

        **I.**        **<u>FACTUAL AND PROCEDURAL BACKGROUND</u>**

In July 2002, law enforcement officials executed a search warrant on 20174 Concord in Detroit, Michigan. Upon arrival, they found Thompson's wife Tedra Thompson and Christopher Johnson ("Johnson") on the porch. As they approached, Johnson ran to the door and yelled "Five-0." Police detained those on the porch and entered the house. They saw Thompson running from the living room and into the

1

basement. As Thompson ran down the stairs, he dropped cocaine. The police caught Thompson in the basement.

The officers secured the home and searched it. They found cocaine in the kitchen, crack cocaine in the basement, and marijuana in a dresser drawer. In the dresser, they also found Thompson's Michigan identification card which confirmed that 20174 Concord was his address. Thompson was indicted and charged.

A jury found Petitioner Vincent Thompson ("Thompson") guilty of (1) possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1); (3) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e); and (4) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).The Court sentenced him to 360 months in prison.

The Sixth Circuit Court of Appeals affirmed his conviction. Thompson filed a motion under 28 U.S.C. § 2255 challenging the representation of his then attorney, Craig Tank. This Court granted the motion and, after a hearing, vacated the jury's verdicts.

In 2008, pursuant to a Rule 11 agreement, Thompson pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

The Pre-Sentence Investigation Report ("PSIR") filed by the United States Probation Department noted Thompson's two prior felony convictions for "controlled substance offenses" in 2001, which it used to classify Thompson as a "Career Offender"

under the United States Sentencing Guidelines ("USSG"), 18 U.S.C.S. Appx.§4B1.1 (2008) (amended 2016). The classification increased his sentence.

This Court sentenced Thompson to 184 months in prison, followed by four years of supervised release.

On June 26, 2015, the Supreme Court declared the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924 (e)(2)(B)(ii), unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551 (2015). Subsequently, Thompson filed the motion now before the court raising the following issues:

1. The "residual clause" of the USSG in place at the time of sentencing, 18 U.S.C.S. Appx. § 4B1.2(a)(2), is also unconstitutional because it is identical to the one struck down in *Johnson.*
2. The "Career Offender" classification depended upon the unconstitutional "residual clause" of the USSG and the Court should vacate his sentence.

In its response to Thompson's motion, the United States argues that *Johnson* does not afford Thompson relief because it is not applicable to the "residual clause" of the USSG. Alternatively, the Government argues that even if the Court finds *Johnson* applicable and the USSG's "residual clause" unconstitutional, Thompson's conviction is still supported because his "Career Offender" status does not arise from the "residual clause."

## II. STANDARD OF REVIEW

A prisoner in federal custody can utilize 28 U.S.C. § 2255 to challenge imprisonment by alleging that 1) the court sentenced him in violation of the Constitution

3

or laws of the United States; 2) the court was without jurisdiction to impose the sentence; 3) the sentence was in excess of the maximum authorized by law; or 4) the sentence was otherwise subject to collateral attack. 28 U.S.C. §2255(a). Specifically, § 2255(a) provides that the petitioner "may move the court which imposed the sentence to vacate, set aside or correct the sentence."

The court should grant the motion if the petitioner shows the existence of a constitutional error which had a "substantial and injurious effect or influence" on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

### III.   ANALYSIS

#### A. Is *Johnson* Applicable to the United States Sentencing Guidelines?

The ACCA imposed an enhanced sentence for any defendant with three prior "violent felony" convictions. In *Johnson,* the Supreme Court ruled that the ACCA's § 924(e)(2)(B)(ii) "residual clause," defining a "violent felony" as involving "conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. *Johnson,* 135 S. Ct. 2551, 2555 (2015). In a subsequent case, the Supreme Court decided that its ruling in *Johnson* was a substantive rule and, therefore, retroactively applicable. *Welch v. U.S.,* 126 S. Ct. 1257, at 1261-2.

At the time of sentencing, the USSG's "residual clause," defining a "crime of violence" as "conduct that presents a serious potential risk of physical injury to another," was textually identical to the ACCA's "residual clause." 18 U.S.C.S. Appx**.** § 4B1.2(a)(2) (2008) (amended 2016). Thompson argues that *Johnson* is applicable to his case

4

because of the identical nature of the clauses; he says the Court should vacate his sentence. But, importantly, the Court enhanced Thompson's sentence under the "Career Offender" section of the USSG, 18 U.S.C.S. Appx. §4B1.1.  The Court did not enhance Thompson's sentence under the ACCA.

Accordingly, the "residual clause" under the USSG is not pertinent here. Nonetheless, the Court will address it since Thompson raises it as an appealable issue.

The Sixth Circuit has debated whether to apply *Johnson* to the USSG. The identical nature of the two clauses initially persuaded the Sixth Circuit to overturn its prior rulings and find that, "in light of *Johnson,* and given the legal force of the Guidelines as the framework for sentencing, we join the majority of our sister circuits in invalidating the Guidelines' 'residual clause' as unconstitutionally vague." *U.S. v. Pawlak*, 822 F. 3d 902, 903 (6th Cir. 2016). However, after *Pawlak,* the Sixth Circuit reconsidered the retroactive applicability of *Pawlak's* rule pending the Supreme Court's consideration of the question in *Beckles v. United States*, a case currently before it. *In re: Embry,* 831 F. 3d 377, 378 (6th Cir. 2016). Ultimately, the Sixth Circuit decided to send the cases to the district courts to be held in abeyance pending the Supreme Court decision. *In re: Embry,* 831 F. 3d 377, 378 (6th Cir. 2016). Thompson does not fall into this group of petitioners whose cases should be held in abeyance pending the outcome in *Embry.* As will be demonstrated below, Thompson's conviction is supported by the "Career Offender" provision of the USSG and the Court can rule.

**B. <u>Did the Court properly classify Thompson as a "Career Offender"?</u>**

The Government argues that even if the Court found *Johnson* applicable to the "residual clause" of the USSG, *Johnson* does not provide relief to Thompson because the Court did not sentence him under that clause. The version of 18 U.S.C.S. Appx**.** § 4B1.1(a) in place at the time of Thompson's sentencing advised courts to enhance the sentence of any defendant (1) over eighteen, (2) whose current conviction is for a felony that is a "crime of violence" or a "controlled substance offense," and (3) has at least two prior felony convictions for a "crime of violence" or "controlled substance offense." § 4B1.1(a)(2008) (amended 2016).

The Sixth Circuit held that *Johnson* does not apply to a petitioner sentenced under the USSG whose qualifying felony convictions relied on another part of the statute independent of the residual clause. *See United States v. McBride,* 826 F.3d 293 (6th Cir. 2016) (finding that *Johnson* did not apply because the defendant's prior conviction of bank robbery by intimidation counted under the "use-of-force" clause and not the "residual clause"); *see also In re: McComb,* No. 16-3013, 2016 WL 6994235 ,*1 (6th Cir. Nov. 3, 2016) (finding that *Johnson* did not apply to the petitioner's case because he had two prior felony convictions that relied on the "use-of-force" clause and not the residual clause).

Thompson argues that the Court utilized his prior felony convictions for unarmed robbery and voluntary manslaughter to classify him as a "Career Offender," and that those prior felony convictions could only qualify under the "residual clause." While that may be true, at the time of sentencing, Thompson had two other prior felony convictions

6

for controlled substance offenses. These prior felony convictions were enough to qualify Thompson as a "Career Offender" under the controlled substance offenses clause of 18 U.S.C.S. Appx**.** §4B1.1, independent of the "residual clause." The Court was authorized to enhance Thompson's sentence. Additionally, the PSIR only indicates these two prior controlled substance offenses as the basis for Thompson's classification as a "Career Offender," and not the debatable unarmed robbery and voluntary manslaughter. Regardless of the debate around *Johnson's* applicability to the USSG's "residual clause," Thompson's "Career Offender" classification is proper given these two prior felony convictions for controlled substance offenses.

## IV.   CONCLUSION

The 2008 version of 18 U.S.C.S. Appx**.** §4B1.1(a) classified a defendant over 18 years of age as a "Career Offender" whose conviction was for a felony that is a "crime of violence" or a controlled substance offense, and who had two prior felony convictions for the same offenses. 18 U.S.C.S. Appx. §4B1.1(a)(2008) (amended 2016). At the time of sentencing, Thompson had two prior felony convictions for "controlled substance offenses." These felony convictions qualified Thompson as a career offender, independent of any application of the USSG's "residual clause." *Johnson* does not apply to Thompson; the Court **DENIES** his § 2255 motion.

**IT IS ORDERED.**

                                                                        S/Victoria A. Roberts
                                                                        Victoria A. Roberts
                                                                        United States District Judge

Dated:  January 27, 2017

The undersigned certifies that a copy of this document was served on the attorneys of record and Vincent Thompson by electronic means or U.S. Mail on January 27, 2017.

s/Carol A. Pinegar
Deputy Clerk